**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:10-cv-01312-JHN-FFMx | Date | March 17, 2010 |
|---|---|---|---|
| Title | Christina Nicole Ferrier v. Wal-Mart Stores Inc et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**     ORDER REMANDING THE ACTION TO LOS ANGELES SUPERIOR COURT
(In Chambers)

## I.  BACKGROUND

On September 23, 2009, Plaintiff Christina Nicole Ferrier ("Plaintiff") commenced this action in the Los Angeles Superior Court against Defendants Wal-Mart Stores, Inc., Wal-Mart Associates, Inc., Kurt Anderson, and Wilmer Cano (collectively "Defendants").  (Notice of Removal 2.)  On October 29, 2009, Plaintiff filed a First Amended Complaint ("FAC"), alleging the following causes of action: (1) breach of express and implied contract; (2) breach of the covenant of good faith and fair dealing; (3) wrongful termination in violation of public policy; (4) discrimination in violation of California Government Code § 12900 *et seq.*; (5) intentional infliction of emotional distress; (6) violation of the California Business & Professions Code § 17200 *et seq.*; (7) violation of the California Consumer Legal Remedies Act; and (8) fraud.  (*Id.* at Ex. B.)

Defendants were first served with a copy of the FAC and Summons on November 10, 2009.  (*Id.* at 2.)  However, the FAC on its face does not state an amount in controversy.  (*Id.* at Ex. B.)  It was not until Defendants received a copy of Plaintiff's verified responses to Defendants' Requests for Admission that Defendants had notice that the amount in controversy exceeded $75,000.  (*Id.* at 3.)  Defendants received service of the verified responses on January 22, 2010 (*id.* at 11) and filed a Notice of Removal on February 22, 2010 (*id.* at 10).  Defendants' sole basis for removal was diversity jurisdiction.  (*Id.* at 3.)

## II.  LEGAL STANDARD

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]"  28 U.S.C. § 1441(a).  However, the Court may remand a case to state court for lack of subject matter jurisdiction.  *Id.* at § 1447(c).  "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction."  *U.S. v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).

A notice of removal shall be filed within thirty days after receipt by defendants of the initial pleading.  28 U.S.C. § 1446(b).  However, if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.  *Id.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:10-cv-01312-JHN-FFMx | Date | March 17, 2010 |
|---|---|---|---|
| Title | Christina Nicole Ferrier v. Wal-Mart Stores Inc et al | | |

Under 28 U.S.C. § 1332, the Court has original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Removal is not permitted where one of the defendants "is a citizen of the State in which such action is brought." *Id.* However, "one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Id.* "If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and 'the defendant's presence in the lawsuit is ignored for purposes of determining diversity.'" *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) (quoting *Morris*, 236 F.3d at 1067).

### III. DISCUSSION

#### A. Removal is Timely

Defendants timely removed this action to federal court. Although they did not file their Notice of Removal within thirty days of receipt of the initial complaint, they did file their Notice of Removal within thirty days of receipt of the verified responses notifying Defendants that the amount in controversy exceeded $75,000. (Notice of Removal 3.) Prior to receipt of the verified responses, Defendants were not on notice that the action was removable, since the FAC did not allege an amount in controversy satisfying the requirements of 28 U.S.C. § 1332. (*Id.*) Accordingly, removal appears timely under 28 U.S.C. § 1446(b).

#### B. Complete Diversity is Lacking

Defendants allege that Plaintiff is a citizen of California and "Wal-Mart" (presumably Wal-Mart Stores, Inc. and Wal-Mart Associates, Inc.) is a citizen of Arkansas. (Notice of Removal 3.) However, Defendants Anderson and Cano are citizens of California, thereby destroying complete diversity. (*Id.*)

However, Defendants argue that complete diversity exists, because the citizenship of Defendants Anderson and Cano can be ignored. (*Id.* at 4.) Defendants ask the Court to disregard the citizenship of Defendants Anderson and Cano, because "[Defendants Anderson and Cano] cannot possibly be held liable for any of the causes of action alleged in the [FAC]." (*Id.*) Although Defendants do not expressly reference the doctrine of fraudulent joinder, it appears to be the basis for their argument. As such, Defendants bear the burden of showing that Plaintiff "obvious[ly]" fails to state a cause of action against Defendants Anderson and Cano. *United Computer Sys., Inc.*, 298 F.3d at 762.

Defendants fail to meet their burden, since it not "obvious" that Plaintiff fails to state a cause of action against Defendant Anderson for fraud. *Id.* To state a claim for fraud, Plaintiff must show: (1) a false statement; (2) knowledge of the statement's falsity; (3) intent to defraud or induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lovejoy v. AT&T Corp.*, 92 Cal. App. 4th 85, 93 (Cal. Ct. App. 2001). Plaintiff claims she went to Defendant Anderson, her manager at Wal-Mart, to discuss sexual harassment committed against her by fellow co-workers. (Notice of Removal, Ex. B. ¶ 4.) Defendant Anderson purportedly told Plaintiff that one of the perpetrators at work would be "gone" and that the others would be "coached." (*Id.*) Plaintiff claims the statements were false, as the perpetrators were neither "gone" nor "coached," and that Defendant Anderson knowingly made these false statements with the intent to induce Plaintiff to continue her employment. (*See id.* at ¶ 84.) Plaintiff

**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:10-cv-01312-JHN-FFMx | Date | March 17, 2010 |
|---|---|---|---|
| Title | Christina Nicole Ferrier v. Wal-Mart Stores Inc et al | | |

claims she justifiably relied on Defendant Anderson's false statements in returning to work, wherein she faced additional discrimination and resulting damage.  (*Id.*)  For these reasons, Defendants have failed to show that Plaintiff "obvious[ly]" fails to state a claim for fraud against Defendant Anderson.  *United Computer Sys., Inc.*, 298 F.3d at 762.  Accordingly, the Court cannot disregard Defendant Anderson's citizenship, which is the same as Plaintiff's and thus destroys complete diversity.

### IV.  CONCLUSION

Because Plaintiff does not obviously fail to state a claim against Defendant Anderson, who is a citizen of California like Plaintiff, there is no fraudulent joinder.  Complete diversity and thus federal diversity jurisdiction are lacking.  **Accordingly, the Court REMANDS this action to Los Angeles Superior Court for all further proceedings.**

IT IS SO ORDERED.

| | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |